# TULLAHOMA CONCRETE PIPE COMPANY, INC. v. PYRAMID CONCRETE PIPE COMPANY, INC. —330 S. W. (2d) 578.

Middle Section.   June 26, 1959.

Certiorari Denied by Supreme Court December 11, 1959.

560

E. Tucker Dickerson, Manchester, Henry & McCord, Tullahoma, for complainant.

Hugh C. Howser, Nashville, for defendant.

I

SHRIVER, J. This is a suit on an account instituted in the Chancery Court of Coffee County, Tennessee, by complainant-appellant, Tullahoma Concrete Pipe Company, Inc., against defendant-appellee, Pyramid Concrete Pipe Company, Inc., both Tennessee corporations.

A dispute arose as to a 10% discount which defendant insisted was a custom of the trade and which it, therefore, deducted but which discount was not agreed to by the complainant.

After crediting the account with the amount paid by the checks of the defendant, complainant sued for the balance representing 10% which it insists the defendant improperly deducted.

The determinative question in the case is, whether the cashing of the checks of the defendant in the face of the dispute as to the 10% discount, amounted to an accord and satisfaction.

The Chancellor so held and dismissed complainant's suit, whereupon, complainant appealed and has assigned errors.

II

The assignments are as follows:

"1. Chancellor erred in holding that the account sued upon consisted of only one part and not of two parts, that is the 15% discount and the 10% discount.

"2. The Chancellor erred in holding that by acceptance, endorsement and cashing of Defendant's checks dated August 15, 1957, September 15, 1957, and October 23, 1957, constituted payment in full of the invoice identified by the memo attached.

"3. The Court erred in holding that the condition upon which the checks were offered and tendered by Defendant was well known to both Complainant and Defendant.

"4. The Chancellor erred in holding that by the endorsement and cashing of defendant's checks dated August 15, 1957, September 15, 1957, and October 23, 1957, the Complainant was estopped to deny the conditions upon which the checks or drafts were issued.

"5. The Court erred in its conclusion of law and in dismissing Complainant's bill."

## III

As is set out in the Chancellor's memorandum opinion the defendant was the successful bidder on a sewer contract for the town of Manchester. Complainant and defendant, who were both bidding on the job, had agreed that the successful bidder would be supplied certain pipe by the other at list price, less 15%, plus an additional discount of 2% if paid within 30 days from date of purchase.

Complainant's delivery of pipe for the job commenced on or about June 21, 1957, and continued periodically thereafter until October 16, 1957.

On August 15, 1957, defendant remitted to complainant a check in the amount of $1,831.36. Attached to this check was a stub reflecting a total amount owing of $2,034.85 for certain numbered invoices. The check showed a deduction of $203.49 without explanation and there was no notation on the check or the stub accompanying it that it represented "payment in full".

On receipt of this check complainant advised defendant by letter dated August 19, 1957, that it was holding the check pending "adjustment on balance".

On August 22, defendant wrote complainant acknowledging receipt of complainant's letter of August 19, and, among other things, advised complainant of defendant's insistence that the pipe had been sold at list price, less 15%, less "the usual 10% discount," etc.

On September 15, 1957, defendant remitted to complainant another check in the amount of $1,452.60, to which was attached a stub or memorandum referring to certain enumerated invoices amounting to $1,614 and again there was a deduction of 10% or $161.40.

Again by letter dated September 18, complainant advised defendant that it was holding this check, "pending adjustment on balance."

On October 15, 1957, complainant advised defendant by letter that it was proceeding to credit defendant's account with the amount of the checks hereinabove referred to, same being "partial payment" of the account, and insisting that defendant owed the remaining 10% which had been deducted from the checks previously forwarded.

The last remittance by defendant to complainant was by check dated October 23, 1957, in the amount of $620.18,

to which was attached "remittance advice" or stub reflecting the ticket numbers which the check was intended to cover and showing a deduction of 10%. This check was also endorsed, deposited in complainant's bank account and credited on the account of defendant.

The total of the deductions of 10% amounted to $433.79 which is the amount sued for by the complainant.

Defendant plead and undertook to prove that the contract contemplated a 10% discount in addition to the 15% discount agreed to by the parties and 2% discount if paid within 30 days, however, on this issue the Chancellor found that there was no such agreement and we concur in this conclusion of the Chancellor.

## IV

As is stated by the Chancellor in his opinion, the sole issue between the parties before they came to Court and after they came to Court was and is, whether defendant was entitled to the 10% discount.

It is pointed out by the Chancellor that the parties were fully cognizant of this disagreement before complainant cashed defendant's checks and that, although defendant did not spell out in so many words on the face of these checks, "payment in full", or words to this effect, said checks were offered in payment of the invoices identified by the memos attached.

The Chancellor then proceeds to the following conclusions:

"Thus, the Court is of opinion that the facts of the case bring it within the rule laid down in Vol. 1, American Jurisprudence 225-226, and approved by

our Court of Appeals, and Supreme Court in the case of Continental Insurance Co. v. Weinstein, 37 Tenn. App. 596, at [page] 602, and 267 S. W. (2d) 521, wherein it is said:

" 'The creditor to which check is sent or other remittance made as payment in full has the option either of accepting it on the conditions on which it is sent, or of rejecting it. When a claim is in dispute, and the debtor sends to his creditor a check or other remittance which he clearly states is in full payment of the claim, and the creditor accepts the remittance or collects the check without objection it is generally recognized that this constitutes a good accord and satisfaction. The moment the creditor endorses and collects the check, with knowledge that it was offered only upon condition, he thereby agrees to the condition and is estopped from denying such agreement. It is then that the minds of the parties meet and the contract of accord and satisfaction becomes complete * * *.'

"Also in Continental Ins. Co. v. Weinstein, supra [37 Tenn. App.] at p[age] 600 [267 S. W. (2d) at page 523], an unreported case of H. H. Pike Co., Inc. v. American Tea & Coffee Co., decided by the Court of Appeals at Nashville, March 1936, is referred to, portions of which are cited with approval, wherein it was said:

" 'The law is well settled in this State and it is in accord with the great weight of authority elsewhere, that when a creditor accepts from his debtor a check containing a statement that it is in full satisfaction of his account, although for less than the

amount demanded, it operates as an accord and satisfaction—the compromise being a good consideration, so that a new consideration otherwise is not necessary.'

"Complainant vigorously maintains that the above authority is not controlling in this case because, (1) The checks did not contain a statement that they were in full satisfaction of the account; (2) The checks were not collected without objection; (3) And the complainant did not endorse and collect the checks with knowledge that it was offered only upon condition.

"In substance, complainant contends that there was no dispute over the account which the checks purported to pay, list price, less 15%. It maintains, 'the dispute was only over the 10% discount.'

"As heretofore observed, this reasoning does not appear to be sound and complainant's position, therefore, seems untenable. The conditions upon which the checks were offered was well known to both parties and the Court holds that by acceptance, endorsement and cashing of same complainant is estopped to deny the condition upon which they were issued.

"The bill will be dismissed. The cost of the cause will be adjudged equally, one-half to complainant and one-half to the defendant. So decreed."

From the foregoing it will be observed that there was never any dispute between the parties as to the contract itself or the amount owing on said contract. The disagreement arose as to the 10% discount which the Chan-

cellor found was not part of the agreement but which defendant insisted upon deducting because it claimed that it was a custom of the trade in transactions between dealers.

Thus, when the checks of defendant were received, the complainant immediately notified the defendant that it had not agreed to the 10% discount and later, that the amount of each check was being credited to the account and that the remaining 10% would still be owing.

Furthermore, it does not appear from the record that defendant offered the checks only on condition that they be accepted in full payment of the balance. The question as to whether the 10% discount was proper or not remained in dispute as the circumstances and event occurred and continued in dispute after the checks were sent to the complainant. There was no notation on the checks that they were in full settlement of the balance of the claim. Also it will be observed that these remittances were not accepted "without objection" so as to come within the precise definition and language used in Continental Ins. Co. v. Weinstein, supra.

There is nothing in the correspondence between these parties that is to the effect that the checks were offered *only on condition* that they be accepted in full settlement of the account.

Significantly, in Continental Ins. Co. v. Weinstein, the opinion, after asserting that when the creditor endorses and collects a check with the knowledge that it was offered only on condition, it thereby agrees to the condition and is estopped from denying such an agreement, states, "It is then that the minds of the parties meet

and the contract of accord and satisfaction becomes complete''. [37 Tenn. App. 596, 267 S. W. (2d) 524]

In Helms & Willis v. Unicoi County, 166 Tenn. 639, 64 S. W. (2d) 200, 202, the Supreme Court in an opinion by Mr. Justice McKinney, quoting from a prior opinion of the Court, had this to say:

"In Lytle v. Clopton, 149 Tenn. 655, 663, 664, 261 S. W. 664, 666, this court quoted approvingly from 1 Corpus Juris, 529, as follows:

" 'To constitute a valid accord and satisfaction it is also essential that what is given or agreed to be performed shall be offered as a satisfaction and extinction of the original demand; that the debtor shall intend it as a satisfaction of such obligation, and that such intention shall be made known to the creditor in some unmistakable manner. It is equally essential that the creditor shall have accepted it with the intention that it should operate as a satisfaction. Both the giving and the acceptance in satisfaction are essential elements, and if they be lacking there can be no accord and satisfaction. The intention of the parties, which is of course controlling, must be determined from all the circumstances attending the transaction.' ''

Note the significant language of the Court as follows: "It is equally essential that the creditor shall have accepted it with the intention that it should operate as a satisfaction. Both the giving and the acceptance in satisfaction are essential elements, and if they be lacking there can be no accord and satisfaction."

Can it be said in the instant case that the creditor (complainant herein) accepted the payments of the debtor within the intention that they should operate as a satisfaction? The correspondence and all the proof in this case are to the contrary. The complainant made it clear from the beginning that it was not agreeing to the 10% discount and that it was not accepting the checks in full payment, and notified the defendant to that effect in writing.

As is pointed out in Lytle v. Clopton, supra [149 Tenn. 655, 261 S. W. 666] an accord is an agreement whereby one of the parties undertakes to give or perform and the other to accept in satisfaction of a claim in dispute, arising either from contract or from tort, something other than or different from what he considers himself entitled to, and a satisfaction is the execution of such agreement.

It is further pointed out that instances may arise in which an acceptance on the part of the offeree will be presumed; or where, in the circumstances, the offeree will be held estopped to deny acceptance. Such a case will arise where a check was mailed to a party and cashed, on the face of which appeared, ''In full settlement of account''. The authorities, however, are not uniform on this proposition.

It seems clear that if the defendant herein had made a distinct notation on the checks which were offered to the complainant that they were in full settlement of the balance owing and that complainant, ''without objection'', had cashed said checks, there would have been an accord and satisfaction. The case would then have fallen within the rule laid down in Continental Ins. Co.

v. Weinstein, supra. We have no such case here, there was no agreement on the part of the complainant to accept the checks in full settlement of the account. In each instance when the first two checks were received, complainant promptly notified defendant that it was not agreeing to the 10% discount. When the checks were cashed there was the stipulation by letter of complainant to defendant that the checks were being. credited on account and not in full settlement.

In Poster v. Andrews, 182 Tenn. 671, 189 S. W. (2d) 580, it was said that an accord is an agreement whereby one of the parties undertakes to give or perform *and the other agrees to accept in satisfaction of the claim* something other than. or different from what he is or considers himself entitled to and a satisfaction is the execution of such agreement.

And in B. Mifflin Hood Co. v. Lichter, D. C., 106 F. Supp. 220, it was held that the cashing of defendant's check which contained specified deductions did not constitute accord and satisfaction where plaintiff wrote that it was not accepting the check as full payment of the account and defendant agreed to a conference on the matter of the deductions.

We believe that the rule that applies in this case is that laid down in Lytle v. Clopton, 149 Tenn. 655, 261 S. W. 664 and in Helms & Willis v. Unicoi County, 166 Tenn. 639, 64 S. W. (2d) 200, and that said cases are binding authority on us.

Having concurred in the finding of the Chancellor that there was no agreement of the parties for a deduction of a 10% discount in addition to the other discounts which were agreed upon, it necessarily follows that the defend-

ant owes the balance claimed by complainant unless the rule as to accord and satisfaction is to be applied.

As hereinabove indicated, we think that the action of complainant in cashing the checks did not raise an estoppel against claiming the balance owing by the unwarranted deduction of 10% on the part of the defendant.

It follows that the assignments of error respecting the question of accord and satisfaction are sustained, the judgment of the Chancellor reversed, and judgment rendered here for complainant for the amount sued for and costs of the appeal. The costs below will remain as taxed by the Chancellor.

Reversed and judgment rendered.

Felts and Hickerson, JJ., concur.